The next case is United Cannabis Corporation v. Pure Hemp Collective, 2022-1363. Mr. Gourley, when you are ready. Thank you, Your Honors. I'm James Gourley. I'm here on behalf of the defendant appellant, Pure Hemp Collective. We are appealing the denial of our motion for attorney's fees and sanctions. And before I talk about that, let's talk about first why the court said it denied the motion. First it said we were not the prevailing party. Then it alleged that there were factual disputes and unresolved merits questions that basically prevented it from granting the motion. And then it also kind of on a footnote mentioned that we lost our early motion for summary judgment. Do you agree that even if you are the prevailing party, you could still affirm because the case is not exceptional? That is a possible outcome, but I do not believe that that finding by the court was harmless error. Because think about it. They're looking at the motion. The court's looking at the motion saying, not only are we denying it, you're not even entitled to file this. I mean, just clear error. So I think that's indicative that maybe the other applications of law to fact were not correct either. That's total speculation. The district court did go on to address whether the case was exceptional, didn't it? Not in detail. Well, not in detail, but... And I think the reasons that were given were not correct. The main facts, the majority of our motion was spent on basically two big facts, two or three big facts that are not in dispute. There is no dispute about it. So specific intent to deceive is something you would have had to have proven by clear and convincing evidence to the extent your motion was based, which I think it was, on inequitable conduct. Do you agree with all that? Yes. So how is it that we could say there's no genuine dispute of fact on something like, and here specifically, specific intent to deceive? I would say because, first of all, I don't know, I don't recall a case where anybody has ever admitted that, hey, I meant to deceive the USPTO. And if you look at the facts, we can infer intent from the facts. And every case that I have been able to find that involves copying and pasting from the prior art without disclosing to the USPTO has found inequitable conduct. Did you request a post-judgment evidentiary hearing? I did not. Why not? Because, again, it wasn't in dispute. What would be the point of... Wait, what wasn't in dispute? Let's be specific. The fact that the attorney copied and pasted from the prior art and did not disclose it to the USPTO. And not only that, she admitted to copying and pasting text about liquid formulations and methods of calculating percent of cannabinoids, which are central to every single asserted claim. Why she copied and pasted it, what was in her mind, and what her intent was vis-a-vis the PTO were all in dispute. You even had her testimony on that point, didn't you? Again, I don't know that just merely denying intent is... Can you cite a case where denying intent was not viewed as creating a fact dispute? In CCC group, and it's a district court case, the court considered testimony almost exactly like what the attorney offered here, which is... I'm not saying the fact dispute could not possibly be resolved in your favor, but you're here arguing that there's not even a fact dispute about the patent attorney's intent. I don't think I'm denying that there was a factual dispute. I'm denying that there is a genuine dispute. Because I think it is an error of law given the cases, and given... Copying and pasting without disclosing is wrong. I mean, it's just... So you're asking us, as a matter of law, to say any time you copy and paste and you don't tell the patent office you did it, the specific intent to deceive is proven clearly and convincingly. What I would say is that it requires a hard look, a really, in a detailed... And you had a right to require the district court to take a hard look, but you decided to dismiss your claim without prejudice. And then I think in response to Judge Cunningham, you acknowledged, you said, we don't need any hearing on our 285 motion. So I think you're left with asking us to make a fact finding, which we can't do. I don't know that you have to make a fact finding. I think that you can... There are several federal circuit cases that we cited where the court has said, we need a more detailed opinion to look at this. And this is such a serious issue, and it's only going to become more serious with generative AI and everything like that. That if you copy and paste from the prior art and don't disclose, I think it raises a very serious issue. Especially, this was copied into the detailed description. This is basically like passing off the work of another as your own. And if it was copied into the background, okay, maybe there was something there, but I just... Don't lawyers always copy and paste when they're writing agreements or even writing patent applications? Because if language is established as being sound and correct, why reinvent the wheel? So the copying and pasting itself is not a problem. It's the lack of disclosure. There's a duty to disclose material prior art. And not only the text in the detailed description... It's not the copying. It's the failure to disclose. Right. And the abstract was copied from the prior art. The abstract is supposed to summarize the novel features of the invention. You copy the abstract from prior art and not disclose that to the USPTO? It's almost beyond belief. You're asking us to make a factual determination about whether Whittle is but for material. Again, the facts, the relevant facts are not in dispute. The claims obviously cover liquid formulations, obviously just cover percentage of cannabinoids. That text was copied, admittedly, from the prior art. And the abstract, like I said, the abstract is supposed to cover the novel features of the invention and summarize it for patent searching and so forth. You copy the abstract and you don't disclose it? Again, it's almost beyond belief. But then there are more facts here than just the copying and pasting. In the middle of this litigation, the law firm started representing the company that owns Whittle and started submitting claims to the USPTO that are basically identical in scope. So there was a lot of sloppy work going on here. But the court heard testimony and decided there was no intent to deceive and it just wasn't worthy of sanctions. Isn't that something we owe deference to? I think that there were no detailed findings of fact. There are several cases that do talk about deferring to the court on weighing the evidence. But almost all of those said that, hey, there was the impact decision, for example. The district court made factual findings for and against the appellant and the appellee. This was two sentences and a footnote. And even the one detail they gave about the early motion for summary judgment lacked any sort of context around what actually happened in that motion. It was early in the case. We did lose on the 101 issue. But in response to some other issues that we raised against other claims, they not only had to dedicate some of their patent claims to the public, to the public domain, by disclaiming those claims. They also had to—they sought judicial correction of the claim language, which was denied. And then they sought a certificate of correction at the USPTO. And had they not done all of those things, that claim would have been invalidated and it would have been like a partial win. So— On appendix page 3 in footnote 1, there's a reference made to the court denying defendants early motion for partial summary judgment. That's right. Does that—adding that into kind of the overall picture, do you feel like that more fully explains the reason for which the fees were denied? I mean, it is a reason. It's really the only meat, so to speak, in the opinion. But like I just explained, I mean, it wasn't—a lot happened with that early summary judgment motion. And just the mere fact that we lost on the 101 issue and the other issues were mooted by, you know, disclaiming claims to the public domain and getting a certificate of correction from the USPTO, which as to that claim would erase damages going back to the date of the patent because you can only get them going forward from the date of certificate of correction. So, you know, it was not, you know, an unqualified win, I would say. And I would also say, in that opinion, the court specifically said, to be clear, the court sees reason to question whether this patent claims anything novel, useful, or non-obvious. So, you know, again, to me, it's just not some sort of like unqualified win that would say, well, you lost the summary judgment motion, so you didn't have a strong case. I mean, that's just too simple. There's also not any indication that there's anything exceptional here with the possible exception of your inequitable conduct claim. Would you agree with that? I mean, there's a claim construction dispute. We see that all the time. You stipulate to infringement if the claims are valid. Like what about this stands out other than possibly your inequitable conduct? Okay, so we didn't lose claim construction. We lost on one term. The judge refused to construe the other term because he said it was likely invalid. Totally unexceptional, right? There's nothing exceptional about any of that. Well, I mean, but again, those weren't the grounds that we raised. It was the, you know, it was the inequitable conduct. It was the, you know, massive conflict of interest and taking different positions at different tribunals, which is also an indication of exceptionality. And, like, none of that was discussed at all. It was almost like it didn't even happen. And it's based on undisputed facts. If we think, notwithstanding your belief, if we think there's a genuine dispute of material fact with respect to inequitable conduct and your concerns about the law firm, what do we do given that you gave up your right to have any further proceedings in the district court? I mean, if the court had questions, it could have called its own hearing. We never admitted, we never said, hey, we don't need a hearing to the trial court. That's fine. I'm just asking you for us. You're in front of us now. You insist there's no genuine dispute of material fact. If we disagree with that, what do we do? I think you could remand for consideration of the undisputed facts. Because factual disputes and merits questions, that's not really an adequate ground. Basically, if you let it stand that unresolved merits questions are a reason to deny a motion for fees, it would encourage more litigation. I mean, that's basically what they have said we should do. We should have kept litigating this case. And I think the Federal Circuit precedent is pretty clear that that should not be encouraged. So I would like to reserve the balance of my time if that's okay. Let me just say before you, Mr. Armand. Hey, please, the court. I'd like to pick up on this question of pure hence waivers below is the first topic I address. That was an issue in the Rule 38 motion that we filed in this court, and I direct the court to Docket 12 at page 2 where Pure Hemp wrote, Pure Hemp did not request an evidentiary hearing at the district court and is not requesting one here because it is not needed. Pure Hemp made a knowing choice not to request an evidentiary hearing below and now has reaffirmed to this court that it's not even asking for one on remand, and that's very important. We found ourselves in a pseudo-summary judgment context in the district court case because Pure Hemp made allegations, dismissed its claims without going to trial on them, filed its fee motion, chose not to ask for an evidentiary hearing, then came to this court and argued that the district judge was at fault for not wading into the facts and making factual findings. Well, this court's decisions in Leviton Manufacturing and Paragon Podiatry very clearly explain that in a case where there's been no evidentiary hearing and there are material disputes on materiality or intent or in this case both, the judge can't make a finding of an equitable conduct without a hearing. So what about Mr. Gurley's concern that he sort of ended on that if we credit that argument you just made, we're just going to multiply all the litigation that already exists around 285? No one will ever make the types of waivers or concessions that you're accusing him of making, and district courts will be burdened with 285 trials all the time. Judge Stark, the law has – we've not seen that problem over decades of the development of the law, and ever since Fair Assents was decided that hasn't been a problem. I'll acknowledge that this court's precedents hold that a party such as Peerhemp can attempt to satisfy its burden of proof in the first instance in a post-trial motion under 285. The issue for Peerhemp here is that they utterly failed to carry their burden of proof. It's not just the issue of evidence that creates material disputes on intent. It's also the fact that there is no materiality of the Whittle reference, and we know that for two reasons that you'd find in the record. The first reason is that at two different places in the Whittle reference, the Whittle reference expressly describes how the concentration of cannabinoids in its liquid formulations were calculated, and in both of those places the Whittle reference says that those concentration calculations were based upon the five then currently assayable cannabinoids. Now, Peerhemp ignores those express statements. When we did the calculations, it shows that the Whittle reference's concentrations are more than 10% lower than what's claimed in the 9-11 patent. That's not rebutted. That's straight from the Whittle reference. That's not our expert. We never reached expert reports. It's not our expert saying that Whittle's not material. It's the reference itself that he claims is but for material, making that disclosure. Now, the other thing I've noted... Do you agree that Peer would be the prevailing party? We've never disputed that. Okay. And then what is your response to opposing counsel's statements about there are all these undisputed facts that would lead us, I assume asking us, to find that he should be granted here? The court found otherwise, and in addition to the court in its order finding that there were a host of undisputed facts, it expressly found that Peerhemp's record was woefully undeveloped. And we know under the Wedgetail decision, this court, that a district court is not obligated to write a lengthy denial of a fee motion in a case like this where the entirety of the record fulsomely supports the denial of the motion under 285. That's exactly the circumstance we have here. On top of the fact that the Whittle reference on its face makes it not material as prior art, we also have the fact that in the divisional application that was prosecuted to the 9-11 case, Peerhemp's invalidity contentions, including Whittle, its inequitable conduct allegations, the Whittle reference, those were all submitted to the Patent Office. They were submitted to the Patent Office along with claims. They claimed the exact same formulations as well as attorney argument in response to an office action rejection, arguing that the prior art did not disclose the claimed concentration ranges that were in the divisional application, also in the claims of the 9-11 patent. And we know how the Patent Office dealt with the question of materiality because the examiner with that argument, with Peerhemp's inequitable conduct allegations and art, made no claim rejection over Whittle, made no claim rejection based upon Peerhemp's arguments, and that's because Whittle is not material to patentability. Was there a motion pending for a frivolous appeal? I'm sorry, Judge Lora, I missed your question. Was there a motion pending for this being a frivolous appeal? Yes, Your Honor. We filed that motion, but it was denied without prejudice to refile. And, Your Honor, the issue there was that in the open… There's nothing currently pending. Is that there? That's correct. I'd like to touch very briefly before I rest on this question of the alleged conflict of interest. It's important to note here that the simultaneous prosecution of applications for GW Pharma was never an issue that became at issue in the district court case. These were entirely separate attorney teams. There was no knowledge. There was no communication. There was no idea of what the other team was doing. I was as surprised as anyone to learn that this was developing. After a few minutes of deposition testimony, in which these references that Cooley was prosecuting were raised… Was there like a Chinese wall? Maybe that's not the right terminology, but I'm trying to think. When you said there were entirely separate teams, was there essentially a wall that was put in place at the firm? There were just different lawyers working on prosecution for GW Pharma and the lawyers working on this case with no idea of what the other ones were doing or that they were doing anything at all. Okay, so no official wall, but just it was different teams. Correct. So beyond the fact that there was no coordination, this isn't a straight path IP case where there's some sort of inconsistent position being taken. There was a few minutes of questioning during deposition regarding these references. That was it. There was never a point in the case where those co-pending references were added to invalidity contentions. In fact, quite the opposite. Several months after the questioning occurred, counsel for Pure Hemp served final invalidity contentions. Those references weren't included. There was no point, and this is very important to me, because I was counsel below. There was no point in the district court case or in the patent office where any act was taken that violated any rule of professional responsibility or any rule of civil procedure. So that issue is a complete sideshow. It has no bearing on a 285 fee motion because there was never any point in the district court in which any action was taken, any paper was filed, that would have contravened any rule. This may be a sideshow too, but I think you're accused, the gray brief accuses you of, in your red brief, making further misrepresentations and providing false testimony to this court. Do you want to respond to that allegation? It's in the gray brief at page 21. Yeah, just one moment to start. Let me get to the bottom paragraph. I'm sorry, what paragraph? Sure. At the very bottom of page 21, this tribunal, which I take to be us, they're accusing you of presenting additional evidence of litigation misconduct on the part of Cooley in representing United Cannabis. You misrepresented the record below regarding how successful you were on the merits. You presented false testimony and false characterization of testimony regarding Verzura and Blackman, the inventors of the patent, and knowledge of Whittle. Do you want to address those accusations? Sure, thanks, Judge Stark. I'd be happy to. First of all, the testimony from Ms. Kazakowicz, the patent prosecutor, and from the co-inventors, Mr. Verzura and Mr. Blackman, is unrebutted. So counsel for Pure Hemp doesn't want to accept it, believes that it's untrue, but that testimony is cited in the record, and what you find in the testimony is that Ms. Kazakowicz said she was in a rush to put together a patent application at low cost and copied and pasted boilerplate, and that she did not believe that there was any materiality of the reference based upon the portion she looked at. Mr. Blackman testified that he's not a patent person, he's a business guy, and had never read the GW Pharma patents and was only at most generally aware that GW Pharma had patents. Mr. Verzura testified that he had hired a technical consultant to provide a landscape analysis, but the landscape analysis focused on cannabinoid extraction technologies. He was familiar with that one pager. There was nothing about the formulations claimed here, and he had no sense of materiality. Now, counsel for Pure Hemp disagrees with our argument that that testimony creates a factual dispute, but there's certainly nothing inappropriate about our reliance on that testimony or the fact that a fact dispute exists. With respect to Whittle and the Whittle disclosures, I'd be happy to point the court to the portions of the reference where Whittle says to calculate currently assayable cannabinoids based upon only five of the more than 100 that existed. That's in appendix 269, paragraphs 269 and 277 that you'd find in appendix 383 and 384. So again, on its face, the Whittle reference is providing a basis for non-materiality. We stand on Whittle's express teachings. Counsel for Pure Hemp says that we're wrong to do that. At best, that creates a fact dispute. This case never reached expert reports, and so we have attorney argument from Pure Hemp arguing that we've somehow misrepresented a reference that I think is clear on its face. What about the beyond belief copying without disclosure? There are cases, I think, that have found that type of conduct to be inequitable. Shouldn't we be troubled by that? And if we are troubled by that, how does it affect the outcome here? You shouldn't be troubled by it at all on the facts of this case for a few reasons. First of all, Counsel for Pure Hemp continually cites cases pre-Ferrisense where you could balance materiality and intent, which you can't do here. Second, in this case, the testimony from Ms. Kazakowicz was that she didn't shrink or hide from the fact that she had copied boilerplate to speed the drafting of the application. She embraced that, acknowledged that that's, one, something that she had been taught to do. She pointed to patent prosecution guidebooks that encouraged that practice, and she explained that she had no sense that the reference was material. Again, you don't have to take Ms. Kazakowicz's word for it. The record in this case is that Whittle is not material to patentability, one, because of the express teachings on the face of the patent, and two, the fact that we have the Patent Office in the divisional case looking at all of Pure Hemp's arguments, looking at the Whittle reference, signing the IDS statement, and not making any office action rejection over any of Pure Hemp's arguments or the reference. So we have two different bases that very strongly establish non-materiality, and at the very least, that creates a fact dispute. On an abuse of discretion standard, it was the district judge's province in the first instance to look at those issues, and in this particular case, where there was never an evidentiary hearing requested, in fact, where Pure Hemp has disclaimed one, it was completely appropriate for the court. In fact, it had no choice under Paragon Podiatry and Leviton Manufacturing other than to deny relief on the inequitable conduct allegations because there are material disputes of fact on intent and materiality, and there's no way to get those resolved in the current record. So unless the court has questions for me, I'll yield the rest of my time. Thank you, counsel. Mr. Gorley has two and a half minutes. Thank you, Your Honors. So on this issue of misrepresenting or presenting false testimony, the mere fact that somebody said something in a deposition doesn't automatically create a fact issue when you have a document, an email at APPX 459 that they produced during discovery where they talk about the GW Pharma patent, and in fact, specifically, there was an attachment that they turned over that said, one need only study the basic details of GW's original process patent filed in 2002 and issued by the USPTO in 2008, and it goes on to talk in detail about that reference. Now, to allege, and both inventors were on this email string, both inventors participated in the discussion, and to claim later that you had no idea, kind of general knowledge about GW's patents but didn't really know much about them, I mean, the document cannot be refuted credibly at all. It's fairly common, though, right, to have a document that's going to be used in a deposition and then the testimony may say something to try to put that document in context that may, in your mind, differ from the wording of the document on its face. Isn't that a fairly common circumstance that arises? I mean, I guess that's possible,  You're not asking us to make that credibility determination, are you? But it's not credibility. I mean, it's a document that they are aware of. A witness said, I don't remember. Right? How do we evaluate that? I mean, there's no hypothetical testimony that could refute this. I don't remember. People don't remember things? I mean, that is a common human experience, isn't it? Yeah, I take your point. So one more point on Whittle. Whittle did not use five currently assayable cannabinoids. This is another misreading of the document. In Table 10, Paragraph 256, and this is at APPX 404, it does show the five cannabinoids that it talked about being currently assayable, but it also discloses CBC and THCV as an analyte. And also, Paragraph 245 of Whittle also describes THCV and CBC in the elution order for the chromatography conditions, and that's also at the same appendix page. So Whittle did not use five. It used seven. And that's one more than they used in their infringement theory. So this allegation that it's not material because it only used five currently assayable cannabinoids is just not consistent with the document itself. It's plain, and you don't need an expert. You can count them. There's seven. There's the five, and then there's two more. So these arguments really just lack any credibility. As you can see, your red light is on. We thank both counsel on the cases submitted. Thank you very much.